United States District Court
Southern District of Texas
**ENTERED**
June 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NICHOLAS A. CADENA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-272 |
| | § | |
| WELLS FARGO HOME MORTGAGE, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

Pending before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] filed by Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo"), Lisa Moore, Michelle Salgado-Aguilera, Gregory Smith, Leesa Whitt-Potter and Susan Young (collectively, "Defendants"). Pursuant to Local Rule 7.3,[2] a response to the motion was due from Nicholas A. Cadena and Amanda Garza ("Plaintiffs") by February 3, 2016. However, Plaintiffs never filed a response. Therefore, the Court will consider the motion as unopposed.[3] After considering the motion, exhibits, and relevant authorities, the Court **GRANTS** the unopposed motion.

### I.    Background

#### A.    Procedural

On October 13, 2005, Plaintiffs entered into a mortgage loan agreement by executing a promissory note and deed of trust for real property at 3910 Santo Cielo, Weslaco, Texas 76596

---

[1] Dkt. No. 11.
[2] *Local Rules of the United States District Court for the Southern District of Texas.*
[3] *Id.,* Local Rule 7.4.

("Property"), thus securing an interest in the Property for Washington Mutual Home Mortgage.[4] The note and deed of trust was later assigned to Wells Fargo, which became the mortgage servicer.[5] Plaintiffs defaulted in performing the obligations of the deed, which resulted in the initiation of foreclosure proceedings by Wells Fargo.[6]

Plaintiffs claim the foreclosure was wrongful because they were cooperating with Defendants and never received a timeline of the foreclosure process.[7] More specifically, Plaintiffs allege that Wells Fargo improperly claimed to be the mortgage servicer as Wells Fargo was not an original party to the mortgage agreement.[8] Plaintiffs assert instead that Wells Fargo was a third party debt collector and failed to follow the Fair Debt Collection Practices Act.[9] Between March and May 2015, Plaintiffs communicated with Wells Fargo to receive loan related documentation and to explore options to prevent acceleration of their loan.[10] Still, on March 11, 2015, Defendants sent Plaintiffs a letter stating that their mortgage had been referred to foreclosure as the loan was twenty-one months delinquent.[11] As a result, the total amount due as of March 18, 2015 was $29,081.46.[12] On April 20, 2015, Plaintiffs were advised that the sale of the property was scheduled for June 2, 2015.[13]

On June 1, 2015, Plaintiffs filed their original petition ("Petition") in state court asserting Defendants wrongfully foreclosed the Property and requested injunctive relief as well as damages.[14] The property was sold to Wells Fargo in a public foreclosure sale on June 2, 2015 at

---

[4] Dkt. No. 1, Exh. D ("Petition") at ¶¶ 14-15.
[5] Dkt. No. 11, Exh. A ("Substitute Trustee's Deed") at p. 4, ¶ 3.
[6] *Id.* at ¶¶ 3-7.
[7] *See id.*
[8] Petition at ¶ 16.
[9] *Id.*
[10] *Id.* at ¶¶ 16- 24.
[11] *Id.* at ¶14; *Id.*, Exhs. C & F.
[12] *Id.*, Exh. D.
[13] *Id.*, Exh. F.
[14] *See* Petition; Dkt. No. 1, Exh. H.

10:54 a.m. for $118,940.[15] On June 4, 2015, the presiding state court judge granted a temporary restraining order in favor of Plaintiffs and scheduled a hearing for June 12, 2015. [16] Plaintiffs then filed a motion to extend temporary restraining order through June 18, 2015, [17] which was granted by the state court.[18] On June 17, 2015, Defendants removed the case to this Court on the basis of a federal question, supplemental and diversity jurisdiction.[19]

### B. Instant Motion

On January 13, 2016, Defendants filed this motion to dismiss.[20] In the instant motion, Defendants state "Plaintiffs assert unsubstantiated, baseless, conclusory allegations against Defendants for wrongful foreclosure."[21] Defendants argue Plaintiffs' wrongful foreclosure cause of action fails as a matter of law,[22] request the Court to deny Plaintiffs' request for injunctive relief,[23] and to dismiss this lawsuit with prejudice as an amended pleading in this matter would be futile.[24] As noted, Plaintiffs failed to respond to Defendants' motion; thus, pursuant to Rule 7.4 of the *Local Rules of the United States District Court for the Southern District of Texas*, the Court will construe Plaintiffs' non-responsiveness as a representation of no opposition.

---

[15] Substitute Trustee's Deed at p.1.  Defendants assert in the Joint Discovery/Case Management Plan that the "foreclosure sale scheduled for June 2015 did not proceed after the state court issued a temporary restraining order." Dkt. No. 5 at ¶ 4. However, the state court did not issue a temporary restraining order until June 4, 2015; two days after Wells Fargo purchased the property at the foreclosure sale held on June 2, 2015.

[16] Dkt. No. 1, Exh. F-1.

[17] *Id.*, Exh. E.

[18] *Id.*, Exh. F-2.

[19] Dkt. No. 1 at ¶¶ 9-22.

[20] Dkt. No. 11. The Court notes that Defendants have failed to comply with the Federal Rules of Civil Procedure with regard to the instant filings. Rule 7(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers." Rule 10(b) in turn provides that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances." Defendants' motion lacks numbered paragraphs, hindering the Court's reference to its arguments. Defendants are cautioned that future submissions should consistently number each paragraph to properly comply with the Rules.

[21] *Id.* at p. 1.

[22] *Id.* at pp. 4- 7.

[23] *Id.* at p. 8.

[24] *Id.*

## II.    12(b)(6) Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss Plaintiffs' complaint if it fails to state a claim upon which relief can be granted.[25] To survive a 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[26] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[27] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the plaintiff.[28] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[29]

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[30] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[31] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[32] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[33] As the Supreme Court recently clarified, the plausibility standard concerns the factual allegations of a complaint; the federal pleading rules "do not

---

[25] FED. R. CIV. P. 12(b)(6).

[26] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).

[27] *Twombly*, 550 U.S. at 555.

[28] *Id*.

[29] *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).

[30] 556 U.S. 662 (2009).

[31] *See id*. at 678-679.

[32] *See id*. at 679-680.

[33] *In re So. Scrap Material Co*., 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[34]

Courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint" when evaluating a motion to dismiss,[35] as well as matters of which judicial notice may be taken.[36] The documents the Court relies on here are those either attached to Plaintiffs' Petition, Defendants' motion to dismiss, or referenced within.

Finally, in the instant case, this Court's jurisdiction is partially invoked on the basis of supplemental jurisdiction over Plaintiffs' state law claim and diversity of citizenship.[37] Consequently, this Court must adhere to grounds of relief authorized by the state law of Texas.[38] Thus, if Plaintiffs fail to allege sufficient facts to support the legal conclusion, or fail to allege a viable cause of action in state law, the Court will dismiss the complaint.

## III.   Discussion

As an initial matter, Plaintiffs have named multiple employees of Wells Fargo as defendants in this suit, but fail to specifically assert any causes of actions against them. Accordingly, Lisa Moore, Michelle Salgado-Aguilera, Gregory Smith, Leesa Whitt-Potter and Susan Young are **DISMISSED** due to Plaintiffs' failure to state a claim.

---

[34] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346-47 (2014).

[35] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000)). *See also Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir.2011).

[36] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)(citing Fed.R.Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding.")).

[37] *See* Dkt. No. 1 at ¶¶11-22.

[38] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 676 (5th Cir. 1989); *see also* Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

###### a.  Wrongful Foreclosure

Next, the Court considers whether Plaintiffs have stated a claim for wrongful foreclosure. Under Texas law, a claim for wrongful foreclosure must satisfy the following elements: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.[39] Plaintiffs' petition does not survive this motion to dismiss because it in no way addresses any of the elements of the claim.

Furthermore, according to Defendants, Plaintiffs remain in possession of the Property.[40] As a matter of law, Plaintiffs' continued possession of the property precludes their claim for wrongful foreclosure. "Because recovery is based on the lack of possession of real property, individuals never losing possession cannot recover on a theory of wrongful foreclosure."[41] Accordingly, Plaintiffs' claim for wrongful foreclosure is **DISMISSED WITH PREJUDICE.**[42]

---

[39] *See Charter Nat'l Bank–Houston v. Stevens,* 781 S.W.2d 368, 371 (Tex.App.-Houston [14th Dist.] 1989, writ denied).

[40] Dkt. No. 11, p. 6; *see also* Plaintiffs' counsel's acknowledgement that Plaintiffs were still in possession of the property as of January 29, 2016. Dkt. No. 14 ("[Plaintiffs have] no other option but to vacate the home and will do so by April 1, 2016 . . . ). There is no indication that Plaintiffs have moved out of the property, and given their failure to respond to this motion, the Court will construe Plaintiffs' non-responsiveness as a representation of no opposition.

[41] *George–Baunchand v. Wells Fargo Home Mortg., Inc.,* Civ. A. No. H–10–3828, 2011 WL 2551127, at *3 (S.D.Tex. June 27, 2011); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.)("Recovery [in an action for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property.").

[42] Although the Petition does not assert a specific cause of action against Wells Fargo Bank, N.A. on this basis, the Petition does suggest that because Wells Fargo Bank, N.A. was not an original party to the mortgage agreement it has no authority to foreclose. *See* Petition at p. 6. To the extent that Plaintiffs dispute the authority of Wells Fargo Bank, N.A. to foreclose, and request Wells Fargo Bank, N.A. to produce the ink-signed original note, the Court directs Plaintiffs to *Martins v. BAC Home Loans Servicing, L.P.*, wherein the Fifth Circuit Court of Appeals held that under Texas law, the original promissory note bearing a "wet ink signature" need not be produced in order to foreclose. 722 F.3d 249 (5th Cir. 2013).

b. *Injunctive Relief*

Plaintiffs request a temporary restraining order and a temporary injunction."[43]   However, the Fifth Circuit has cautioned that injunctive relief "is an extraordinary equitable remedy"[44] and should only be granted if the plaintiff can establish:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.[45]

Defendants move to dismiss Plaintiffs' request for injunctive relief on the grounds that Plaintiffs have failed to plead any plausible claim for relief. [46]   The Court agrees with Defendants' argument.   Plaintiffs' Petition contains only one enumerated cause of action, the wrongful foreclosure claim. Given the dismissal of Plaintiffs' wrongful foreclosure claim, Plaintiffs will not be able to show a substantial likelihood of success on the merits, as there is no underlying cause of action here.[47] Thus, Plaintiffs' request for injunctive relief cannot survive.   Accordingly, the Court **DENIES** Plaintiffs' requested relief.

## IV.   Holding

The Court **GRANTS** Defendants' motion to dismiss.   For the foregoing reasons, the Court has **DISMISSED** Plaintiffs' wrongful foreclosure claim **WITH PREJUDICE**. Accordingly, the Court **DENIES** Plaintiffs' requested injunctive relief.   Having **DISMISSED**

---

[43] Petition at ¶28 & Prayer for Relief at ¶3.
[44] *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998).
[45] *Id.*
[46] Dkt. No. 11 at p. 8.
[47] *See Cook v. Wells Fargo Bank, N.A.*, 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action.").

Plaintiffs' complaint in its entirety, the Clerk of the Court is instructed to close the case. A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 8th day of June, 2016.

_____
Micaela Alvarez
United States District Judge